# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

JAMES A. SMITH, JR.,

        Plaintiff,

        v.                                                     Case No. 06-C-1152

RICHARD SCHNEITER and
MATTHEW J. FRANK,

        Defendants.

ORDER DISMISSING THIS CASE FOR FAILURE TO TIMELY PAY THE FILING FEE, DENYING PLAINTIFF'S REQUEST TO STAY THE PROCEEDINGS, BARRING PLAINTIFF FROM PROCEEDING *IN FORMA PAUPERIS* IN FUTURE ACTIONS PURSUANT TO *SUPPORT SYS. INT'L V. MACK*, AND DIRECTING PRISON OFFICIALS TO COLLECT THE $348.56 BALANCE OF THE FILING FEE IN ACCORDANCE WITH 28 U.S.C. § 1915(b)(2).

        Plaintiff, James A. Smith, Jr., who is incarcerated at the Wisconsin Secure Program Facility, has filed a *pro se* complaint pursuant to 42 U.S.C. § 1983 along with a motion for leave to proceed *in forma pauperis*. On January 16, 2007, the court denied the plaintiff's motion for leave to proceed *in forma pauperis* because he has accumulated three strikes under 28 U.S.C. § 1915(g),[1] and the complaint allegations did not indicate that the

---

[1] Under the Prison Litigation Reform Act of 1996 (PLRA), a prisoner may not bring a civil action or appeal a civil judgment *in forma pauperis*,

    if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). The plaintiff has accumulated three "strikes" as follows: 1) *Smith v. Frank*, No. 03-C-414 (E.D. Wis.), dismissed on February 12, 2004, for failure to state a claim; 2) *Smith v. Frank*, No. 04-C-489 (E.D. Wis.), dismissed on October 4, 2004, as frivolous; and 3) *Smith v. Frank*, No. 05-C-476 (E.D. Wis.), dismissed on June 17, 2005, as frivolous.

plaintiff was in imminent danger of serious physical harm. Furthermore, the court advised the plaintiff that this action would be dismissed unless he paid the $348.56 balance of the filing fee within thirty days. To date, the balance of the filing fee remains unpaid.

By letter of January 19, 2007, the plaintiff asked the court to stay the proceedings because he did not receive the order screening this case pursuant to 28 U.S.C. § 1915(b)(1). Inasmuch as no screening order has been issued, it is unclear what document the plaintiff was referencing. Moreover, the plaintiff's missive does not explain why he failed to timely pay the $348.56 balance of the filing fee. Therefore, this case will be dismissed. However, a final comment is necessary with respect to the plaintiff's litigation history in this district.

Prior to lodging the present action, the plaintiff was advised on two occasions that he had "struck out" under § 1915(g).[2] And, previously the plaintiff was warned that if he filed another complaint and petition for leave to proceed *in forma pauperis*, he was subject to an order under *Support Sys. Int'l v. Mack*, 45 F.3d 185, 186 (7th Cir. 1995)(per curiam), which requires the plaintiff's pleadings to be returned to him unfiled until his debt to the judicial system has been paid.[3] Nevertheless, the plaintiff proceeded to file this complaint and request to proceed *in forma pauperis*.

A prisoner who becomes ineligible under § 1915(g) to continue litigating *in forma pauperis,* and who then files additional suits or appeals, yet does not pay the necessary fees, loses the ability to file future lawsuits, pursuant to the mechanism devised by *Mack*. *See*

---

[2]*See Smith v. McCann*, No. 06-C-0065 (E.D. Wis) and *Smith v. Schneiter*, No. 06-C-0307 (E.D. Wis.).

[3]*See Smith v. Schneiter*, No. 06-C-0065 (Mar. 28, 2006, Order at 5-6).

2

*Newlin v. Helman*, 123 F.3d 429, 437 (7th Cir. 1997)(*rev'd on other grounds by, Walker v. O'Brien*, 216 F.3d 626, 634 (7th Cir. 2000)). A *Mack* order requires the clerks of courts within this circuit to return civil complaints unfiled, without even presenting them to judges, until the plaintiff's debt to the judicial system has been paid. *Id*.

As discussed above, the plaintiff has filed three cases in this district that were dismissed under § 1915(g) and has been warned that he was subject to a *Mack* order. However, the plaintiff has continued to file civil rights actions and appeals seeking leave to proceed *in forma pauperis* despite his considerable debt to the court. Therefore, the plaintiff has earned a *Mack* order. Now, therefore,

**IT IS FURTHER ORDERED** that the plaintiff's request to stay the proceedings is **DENIED.**

**IT IS ORDERED** that this action be dismissed and that the Clerk of Court enter judgment accordingly.

**IT IS FURTHER ORDERED**, pursuant to *Support Sys. Int'l v. Mack*, 45 F.3d 185 (7th Cir. 1995), that until the plaintiff has paid in full all outstanding fees in all civil actions he has filed in federal courts, the clerks of all federal courts in this circuit will return unfiled any papers submitted directly or indirectly by or on behalf of the plaintiff. This order does not apply to the plaintiff's pending civil rights case, *Smith v. Frank*, 05-C-0426 (E.D. Wis.), criminal cases or petitions challenging the terms of his confinement, and may be reexamined in two years, under the approach of *Newlin*, 123 F.3d at 436-37, and *Mack*, 45 F.3d at 186-87.

**IT IS FURTHER ORDERED** that the Secretary of the Wisconsin Department of Corrections or his designee shall collect from the plaintiff's prison trust account the $348.56

balance of the filing fee by collecting monthly payments from the plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding payments to the clerk of the court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action.

Dated at Milwaukee, Wisconsin, this 12th day of March, 2007.

BY THE COURT

s/ C. N. CLEVERT, JR.
C. N. CLEVERT, JR.
U. S. DISTRICT JUDGE